IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAN TU TRINH,<br><br>             Plaintiff,<br><br>      v.<br><br>KATHLEEN LIEN TRINH,<br><br>             Defendant. | CIVIL ACTION NO. 21-3595 |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                                     **February 16, 2022**

Plaintiff Lan Tu Trinh brought this action alleging misconduct by Defendant Kathleen Lien Trinh surrounding the operation and eventual court-ordered dissolution of LT International Beauty School, Inc. Plaintiff alleges that she has been unable to obtain relief against Defendant in Pennsylvania state courts because of an unspecified conspiracy between Defendant and various actors in the state court system,[1] and asks this Court to "investigate and resolve these matters."[2] Defendant has moved to dismiss, arguing that the Court lacks subject matter jurisdiction because Plaintiff raises no federal claims. Defendant also argues that these same claims were previously litigated in the Pennsylvania state court proceedings.[3] For the reasons stated herein, Defendant's motion will be granted. Plaintiff's claims alleging an unconstitutional conspiracy will be dismissed without prejudice to the refiling of an amended complaint, and the rest of Plaintiff's claims will be dismissed for lack of subject matter jurisdiction.

---

[1] Complaint [Doc. No. 1] at 5.

[2] Complaint [Doc. No. 1] at 6.

[3] Mem. L. Supp. Mot. Dismiss [Doc. No. 3-1] at 6.

I.     BACKGROUND

This case originates from a dispute involving the administration of LT International Beauty School, Inc., which was jointly owned by Plaintiff and Defendant, who is Plaintiff's sister.[4] This dispute has been litigated in various courts since 2016, and was recently summarized by the Superior Court of Pennsylvania:

> Alleging that her sister had frozen her out of the business and illicitly started a new rival enterprise, [Plaintiff] filed a complaint and a petition for preliminary injunction raising claims of breach of fiduciary duty, corporate waste, conversion and unjust enrichment. She also demanded an equitable buyout, dissolution of the Beauty School and liquidation of all company assets . . . After reviewing the . . . pleadings, the trial court determined that [Plaintiff] had failed to raise a genuine issue of material fact as to all claims except for the equitable buyout count. The trial court ruled that since the animosity between the parties eliminated any chance of them resuming joint business operations, the case should be resolved as quickly as possible. To expedite matters, the trial court treated [Defendant's] motion for sanctions as a motion for summary judgment, which it granted. All counts except for [Plaintiff's] equitable buyout claim were dismissed with prejudice or made moot.
>
> Subsequent to the trial court's dismissal of [Plaintiff's] claims, at a hearing on August 22, 2017, the sisters reached an agreement for a final settlement, and its terms were put on the record in open court. Both sisters were represented by counsel at the hearing. The next day, a Consent Order was executed outlining the terms for the dissolution and the winding down of the Beauty School . . . The trial court made the terms of dissolution final but retained jurisdiction for the sole purpose of overseeing the final distribution of escrow funds, at which time the court would order all the claims of all parties in the matter dismissed with prejudice. The last paragraph of the Consent Order provides that the 'Parties agree that this Consent Order shall not be appealable.'
>
> Since the Consent Order was entered, [Plaintiff] has done everything within her power to avoid complying with that agreement . . . The matter dragged on, and for years, [Plaintiff] refused to resolve the final distribution of escrow assets. She has filed no less than 31 appeals and related lawsuits in state and federal court (including a petition for writ of certiorari to the United States Supreme Court), and so far none of those efforts have afforded [Plaintiff] any relief.[5]

---

[4] Complaint [Doc. No. 1] at 1.

[5] *Lan Tu Trinh v. Trinh*, 237 A.3d 1076 (Pa. Super. Ct. 2020), *appeal denied sub nom. Trinh v. Trinh*, 258 A.3d 409 (Pa. 2021).

As the Superior Court noted, Plaintiff's litigation has not been contained to the proceedings surrounding the Pennsylvania receivership. In addition to the Pennsylvania state court proceedings, Plaintiff has filed a flurry of federal suits challenging the use, control, and disposition of assets during the period in which the LT Beauty School was in receivership,[6] and the alleged use of Plaintiff's identity, accreditation, and credentials by Defendant to operate a competing beauty school, KAT Beauty School.[7]

Plaintiff filed the above-captioned case on August 9, 2021, one month after the Pennsylvania Supreme Court dismissed Plaintiff's appeal of the final order dissolving the Pennsylvania receivership.[8] Construing Plaintiff's *pro se* pleadings liberally,[9] Plaintiff alleges that Defendant (1) misappropriated funds, resources, and clients during the operation of LT Beauty School,[10] (2) improperly withheld or misappropriated accounts, documents, and clients during the period in which LT Beauty School was in court-ordered receivership,[11] and (3) used

---

[6] Complaint, *Trinh v. Citizens Business Banking et al.*, No. 18-1662 (E.D. Pa. filed Apr. 17, 2018) (challenging a specific withdrawal made from Plaintiff's private account with Citizens Business Banking to support a guarantee of LT Beauty School's Letter of Credit to the U.S. Department of Education); Amended Complaint, *Trinh v. Office of Records, City of Philadelphia et al.*, No. 18-3441 (E.D. Pa. filed Aug. 13, 2018) (challenging the court-ordered sale of property jointly owned by Plaintiff and Defendant); *Lan Tu Trinh v. Michael Trinh*, No. 18-4114 (E.D. Pa. filed Sept. 24, 2018) (same); *Lan Tu Trinh v. Michael Trinh*, No. 18-4233 (E.D. Pa. filed Oct. 2, 2018) (same); Amended Complaint, *Trinh v. Fineman*, No. 19-2305 (E.D. Pa filed Dec. 18, 2019) (suing the court-appointed receiver for alleged misconduct in the administration of funds held in escrow).

[7] *See* Complaint, *Trinh v. Trinh et al.*, No. 18-2794 (E.D. Pa. filed July 2, 2018) (suing Kathleen Trinh and KAT Beauty School over the alleged use of Plaintiff's credentials); *see also* Complaint, *Trinh v. U.S. Dept. Education*, No. 18-1668 (E.D. Pa. filed Apr. 17, 2018) (suing the U.S. Department of Education over the alleged use of Plaintiff's credentials by Defendant and KAT Beauty School).

[8] *See Trinh v. Trinh*, 258 A.3d 409 (Pa. 2021).

[9] *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013); *see also Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala*, 704 F.3d at 244–45) ("We construe [Defendant's] pro se filings liberally . . . And we 'apply the relevant legal principle even when the complaint has failed to name it.'").

[10] Complaint [Doc. No. 1] at 1–2.

[11] Complaint [Doc. No. 1] at 2–3.

3

LT Beauty School's licensure and Plaintiff's identity and credentials to support the operation of a competing beauty school, KAT Beauty School.[12]

## II. SUBJECT MATTER JURISDICTION

Defendant argues that the Complaint should be dismissed for lack of subject matter jurisdiction.[13] Federal district courts are courts of limited jurisdiction, and can only hear certain kinds of claims.[14] Federal district courts have jurisdiction over "federal questions," where the relevant dispute "aris[es] under the Constitution, laws, or treaties of the United States"[15] and over civil cases "where the matter in controversy exceeds the sum or value of $75,000" and the suit is between "citizens of different states."[16]

There is no basis for this Court to exercise subject matter jurisdiction over most of the Complaint. Here, Plaintiff and Defendant both appear to be citizens of Pennsylvania, and so this Court cannot exercise diversity jurisdiction over Plaintiff's claims.[17] Although the cover page to Plaintiff's complaint invokes the Court's "federal question" jurisdiction, none of Plaintiff's allegations reference any cause of action under federal law.

---

[12] Complaint [Doc. No. 1] at 5.

[13] Mem. L. Supp. Mot. Dismiss [Doc. No. 3-1] at 6.

[14] *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).

[15] 28 U.S.C. § 1331.

[16] 28 U.S.C. § 1332(a)

[17] *See* Complaint [Doc. No. 1] at ECF pages 1–2. Courts addressing related litigation filed by Plaintiff have found, and Plaintiff has not challenged, that Plaintiff and Defendant are both citizens of Pennsylvania. *See* Order July 26, 2018, *Trinh v. Trinh et al.*, No. 18-2794 (E.D. Pa. filed July 2, 2018) (finding that in another case between Plaintiff and Defendant, "[Lan Tu Trinh] has failed to plead diversity of citizenship, and from the pleadings of record it appears that diversity does not exist"); *Trinh v. Citizen Bus. Banking*, 807 F. App'x 196, 197 (3d Cir. 2020) (finding in another related case filed by Plaintiff that Plaintiff was a citizen of Pennsylvania); *Trinh v. Trinh*, No. 19-2336, 2022 WL 327011, at *1 (3d Cir. Feb. 3, 2022) (noting, in another related case filed by Plaintiff against her brother, that "[h]ere, as was the case in [Plaintiff's] prior lawsuits, the District Court again concluded that all parties are citizens of Pennsylvania. [Plaintiff] has not challenged that conclusion in her brief, and we see no basis for such a challenge.").

One portion of Plaintiff's complaint, however, may raise a federal claim. Plaintiff alleges that she has been unable to obtain relief against Defendant in the courts of the state of Pennsylvania because of an unspecified conspiracy between Defendant and state actors.[18] Allegations of this nature could fall within this Court's "federal question" jurisdiction because private individuals can be sued under 42 U.S.C. § 1983 for corruptly conspiring with judicial officials to secure a judgment in state court.[19]

However, Plaintiff's claims are entirely conclusory and without any factual underpinnings that would state a claim for a violation of constitutional rights.[20] Plaintiff's allegations against state actors are repeated below:

> Plaintiff appealed multiple times herself throughout the state courts to seek justice against the Defendant's maleficence, but the state courts have ignored Plaintiff and supported Defendant because of [Defendant's] relationship with the legal persons involved in the case. Her invulnerability most recently led to a denial order from the PA Supreme Court, which is why the Plaintiff has asked for the federal courts' review and investigation of the case as a matter of corruption.
>
> Defendant refused to obey court orders and consistently engaged in fraudulence, yet the State courts have not taken action against the Defendant due to the involvement of various legal persons that facilitated the Defendant's wrongdoings. [Defendant] depended on her team of people at the top of the state's legal system to let her walk away without any repercussions for her illegal actions.[21]

---

[18] *See* Complaint [Doc. No. 1] at 5.

[19] *Dennis v. Sparks*, 449 U.S. 24, 29 (1980) ("Private parties who corruptly conspire with a judge in connection with [official judicial] conduct . . . act[] under color of state law within the meaning of [42 U.S.C.] § 1983.")

These suits are not barred by the *Rooker-Feldman* doctrine, even if they arise from conduct allegedly underlying the final judgment of a state court. While success on such claims may "undermine the force of [state] judgments, this is not the same as asking that the state judgments be rejected." *Johnson v. Draeger Safety Diagnostics, Inc.*, 594 F. App'x 760, 765–66 (3d Cir. 2014).

[20] *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010) ("[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred.").

[21] *See* Complaint [Doc. No. 1] at 4–5.

Plaintiff does not define the nature, scope, or duration of the alleged conspiracy. Nor does Plaintiff identify any of the alleged co-conspirators or any overt acts taken in furtherance of the claimed conspiracy. Bare assertions of fraud by a party that lost in state court are not enough to state a cognizable claim of unconstitutional conspiracy.[22] "[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co–conspirator or a joint actor with the judge."[23]

### III.  CONCLUSION

Plaintiff's claims, while numerous, fail to clearly fall within this Court's limited subject matter jurisdiction. However, Plaintiff seems to allege that Defendant engaged in an unconstitutional conspiracy with state actors against Plaintiff—allegations that could fall within this Court's jurisdiction if Plaintiff can allege sufficient facts to state a cognizable claim. Plaintiff will be granted the opportunity to file an amended complaint with respect to the constitutional claims.[24] An order will be entered.

---

[22] *See Rose v. Bartle*, 871 F.2d 331, 366 (3d Cir. 1989); *Great W. Mining & Min. Co.*, 615 F.3d at 178.

[23] *Dennis*, 449 U.S. at 28.

Plaintiff also argues that consideration of these claims is barred by *res judicata* and the *Rooker-Feldman* doctrine. Mem. L. Supp. Mot. Dismiss [Doc. No. 3-1] at 6–7. As the Court lacks subject matter jurisdiction over Plaintiff's claims, it does not reach the issue of whether any of Plaintiff's claims are barred by the *Rooker-Feldman* doctrine or *res judicata*.

However, the *Rooker-Feldman* doctrine would not bar the Court from exercising jurisdiction over Plaintiff's conspiracy claims, if adequately pled. Where a party alleges a conspiracy "to engineer [the party's] defeat in state court," *Rooker-Feldman* does not bar federal proceedings; a party cannot be "forced to litigate in a rigged system." *Great W. Mining & Min. Co.*, 615 F.3d at 171.

[24] Where a party fails to demonstrate jurisdiction in the initial pleadings but a colorable claim to jurisdiction exists, it is proper to grant that party an opportunity to either "respond to the issue of jurisdiction or [to] amend her complaints to properly allege . . . jurisdiction." *See Trinh v. Off. of Recs. City of Phila.*, 779 F. App'x 118, 120 (3d Cir. 2019).