IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAN TU TRINH<br><br>    **Plaintiff,**<br><br>  v.<br><br>KATHLEEN LIEN TRINH<br><br>    **Defendant.** | CIVIL ACTION NO. 21-3595 |

<u>**MEMORANDUM OPINION**</u>

**Rufe, J.**                               **January 25, 2024**

  Plaintiff Lan Tu Trinh has filed a motion for reconsideration of this Court's dismissal of her untimely amended complaint.[1] For the reasons stated herein, Plaintiff's Motion for Reconsideration will be denied.

**I.  BACKGROUND**

  This case originates from a dispute involving the administration of LT International Beauty School, Inc., which was jointly owned by Plaintiff and Defendant, who is Plaintiff's sister.[2] This dispute has been litigated in various courts since 2016, and was summarized by the Superior Court of Pennsylvania:

> Alleging that her sister had frozen her out of the business and illicitly started a new rival enterprise, [Plaintiff] filed a complaint and a petition for preliminary injunction raising claims of breach of fiduciary duty, corporate waste, conversion and unjust enrichment. She also demanded an equitable buyout, dissolution of the Beauty School and liquidation of all company assets . . . After reviewing the . . . pleadings, the trial court determined that [Plaintiff] had failed to raise a genuine issue of material fact as to all claims except for the equitable buyout count. The trial court ruled that since the animosity between the parties eliminated any chance of them resuming joint business operations, the case should be resolved as quickly as possible. To expedite matters, the trial court treated [Defendant's] motion for sanctions as a motion for summary judgment, which it granted. All

---

[1] Order [Doc. No. 9].

[2] Compl. [Doc. No. 1] at 1.

counts except for [Plaintiff's] equitable buyout claim were dismissed with prejudice or made moot.

Subsequent to the trial court's dismissal of [Plaintiff's] claims, at a hearing on August 22, 2017, the sisters reached an agreement for a final settlement, and its terms were put on the record in open court. Both sisters were represented by counsel at the hearing. The next day, a Consent Order was executed outlining the terms for the dissolution and the winding down of the Beauty School . . . The trial court made the terms of dissolution final but retained jurisdiction for the sole purpose of overseeing the final distribution of escrow funds, at which time the court would order all the claims of all parties in the matter dismissed with prejudice. The last paragraph of the Consent Order provides that the 'Parties agree that this Consent Order shall not be appealable.'

Since the Consent Order was entered, [Plaintiff] has done everything within her power to avoid complying with that agreement . . . The matter dragged on, and for years, [Plaintiff] refused to resolve the final distribution of escrow assets. She has filed no less than 31 appeals and related lawsuits in state and federal court (including a petition for writ of certiorari to the United States Supreme Court), and so far none of those efforts have afforded [Plaintiff] any relief.[3]

As the Superior Court noted, Plaintiff's litigation has not been contained to the proceedings surrounding the Pennsylvania receivership. In addition to the Pennsylvania state court proceedings, Plaintiff has filed a flurry of federal suits challenging the use, control, and disposition of assets during the period in which the LT Beauty School was in receivership,[4] and the alleged use of Plaintiff's identity, accreditation, and credentials by Defendant to operate a competing beauty school, KAT Beauty School.[5]

---

[3] *Lan Tu Trinh v. Trinh*, 237 A.3d 1076 (Pa. Super. Ct. 2020), *appeal denied sub nom. Trinh v. Trinh*, 258 A.3d 409 (Pa. 2021).

[4] Complaint, *Trinh v. Citizens Bus. Banking et al.*, No. 18-1662 (E.D. Pa. filed Apr. 17, 2018) (challenging a specific withdrawal made from Plaintiff's private account with Citizens Business Banking to support a guarantee of LT Beauty School's Letter of Credit to the U.S. Department of Education); Amended Complaint, *Trinh v. Office of Recs., City of Phila. et al.*, No. 18-3441 (E.D. Pa. filed Oct. 31, 2019) (challenging the court-ordered sale of property jointly owned by Plaintiff and Defendant); *Lan Tu Trinh v. Michael Trinh*, No. 18-4114 (E.D. Pa. filed Sept. 24, 2018) (same); *Lan Tu Trinh v. Michael Trinh*, No. 18-4233 (E.D. Pa. filed Oct. 2, 2018) (same); Amended Complaint, *Trinh v. Fineman*, No. 19-2305 (E.D. Pa filed Dec. 18, 2019) (suing the court-appointed receiver for alleged misconduct in the administration of funds held in escrow).

[5] *See* Complaint, *Trinh v. Trinh et al.*, No. 18-2794 (E.D. Pa. filed July 2, 2018) (suing Kathleen Trinh and KAT Beauty School over the alleged use of Plaintiff's credentials); *see also* Complaint, *Trinh v. U.S. Dep't. Educ.*,

Plaintiff filed the above-captioned case on August 9, 2021, one month after the Pennsylvania Supreme Court dismissed Plaintiff's appeal of the final order dissolving the Pennsylvania receivership.[6] Construing Plaintiff's *pro se* pleadings liberally,[7] Plaintiff alleged that Defendant (1) misappropriated funds, resources, and clients during the operation of LT Beauty School,[8] (2) improperly withheld or misappropriated accounts, documents, and clients during the period in which LT Beauty School was in court- ordered receivership,[9] and (3) used LT Beauty School's licensure and Plaintiff's identity and credentials to support the operation of a competing beauty school, KAT Beauty School.[10]

On February 16, 2022, this Court dismissed without prejudice the portion of the complaint alleging that Defendant engaged in an unconstitutional conspiracy and gave the Plaintiff until March 18, 2022 to file an amended complaint.[11] All other claims were dismissed for lack of subject matter jurisdiction. Plaintiff filed an amended complaint on May 26, 2022—over two months after the Court's imposed deadline. Before filing the amended complaint, Plaintiff did not seek relief from this Court to file after the deadline. The Court dismissed the amended complaint as untimely.[12] Plaintiff has since filed a Motion for Reconsideration.

---

No. 18-1668 (E.D. Pa. filed Apr. 17, 2018) (suing the U.S. Department of Education over the alleged use of Plaintiff's credentials by Defendant and KAT Beauty School).

[6] *See Trinh v. Trinh*, 258 A.3d 409 (Pa. 2021).

[7] *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013); *see also Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala*, 704 F.3d at 244–45) ("We construe [Defendant's] pro se filings liberally . . . And we 'apply the relevant legal principle even when the complaint has failed to name it.'").

[8] Compl. [Doc. No. 1] at 1–2.

[9] *Id.* at 2–3.

[10] *Id.* at 5.

[11] Order [Doc. No. 6].

[12] Order [Doc. No. 8].

## II.    LEGAL STANDARD

Motions for reconsideration may be filed pursuant to Federal Rules of Civil Procedure 59(e) or 60(b). Although motions for reconsideration under Rule 59(e) and Rule 60(b) serve similar functions, each has a particular purpose.[13] Rule 59(e) is "a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error."[14] The moving party must show one of the following in order to prevail on a motion for reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice.[15] "[M]otions for . . . reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court."[16] "Reconsideration is not permitted simply to allow a 'second bite at the apple.'"[17]

Alternatively, "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of [her] case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence."[18] A motion filed pursuant to Rule 60(b) may be granted only in

---

[13] *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003).

[14] *Id*. (quotations omitted).

[15] *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

[16] *Calhoun v. Mann*, No. 08-458, 2009 WL 1321500, at *1 (E.D. Pa. May 12, 2009) (alteration in original) (citations omitted).

[17] *Id.* (citing *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995)).

[18] *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).

extraordinary circumstances[19] and is not an occasion to reargue issues that the Court has already considered and decided.[20]

### III. DISCUSSION

#### A. Motion for Reconsideration

Plaintiff files this motion pursuant to Rule 59(e) and argues that the motion should be granted under Rule 60(b) and Rule 6(b)(1)(B).[21] In brief, Plaintiff has not shown, nor has she tried to argue, that there is a change in controlling law, new evidence, or circumstances constituting manifest injustice as grounds for relief, which are—as stated above—the three avenues of relief under 59(e). Plaintiff argues instead that, under Federal Rules of Civil Procedure 60(b) and 6(b)(1)(B), the court should reconsider the dismissal of her amended complaint.

Rule 60(b) provides that:

> [T]he court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.[22]

Plaintiff has not argued that there is new evidence (Rule 60(b)(2)); that there was fraud, misrepresentation or misconduct by the opposing party (Rule 60(b)(3)); that the judgment is void

---

[19] *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

[20] *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

[21] Pl.'s Mot. Recons. [Doc. No. 9].

[22] FED. R. CIV. P. 60(b).

(Rule 60(b)(4)); or that the judgment was satisfied, released or discharged (Rule 60(b)(5)). To justify relief under 60(b)(6), a party must show 'extraordinary circumstances' suggesting that the party is faultless for the delay.[23] As explained below, Plaintiff has failed to make such a showing because Plaintiff's neglect was not excusable under 60(b)(1).

The remaining subsection—Rule 60(b)(1)—allows the court to relieve a party of a dismissal order for "mistake, inadvertence, surprise, or *excusable neglect*."[24] Rule 6(b)(1)(B) also allows the Court to reconsider a Motion "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."[25] Under both Rule 6(b)(1)(B) and Rule 60(b)(1), this Court must analyze whether Plaintiff's neglect in failing to file the amended complaint within the appropriate timeframe constitutes excusable neglect.

When determining whether neglect is excusable, a Court must consider: (1) the danger of prejudice to the nonmoving party, 2) the length of delay and its potential impact on judicial proceedings, 3) the reason for delay, including whether it was within the reasonable control of the movant, and (4) whether movant acted in good faith.[26] "[C]ourts in the Third Circuit have routinely rejected Rule 60(b) requests where the movant fails to provide evidence in support of their application for relief."[27]

---

[23] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 393 (1993).

[24] *Id.* (emphasis added).

[25] FED. R. CIV. P. 6(b)(1)(B).

[26] *Pioneer Inv. Servs. Co.*, 507 U.S. at 395.

[27] *Otis v. Chesapeake Appalachia, LLC*, No. 3:11-0115, 2012 WL 1657930, at *4 (M.D. Pa. May 11, 2012).

Here, the factors weigh in favor of denying the Motion for Reconsideration. First, Defendant would suffer "additional prejudice in time and money if the litigation was re-opened."[28] Second, Plaintiff's failure to timely file an amended complaint adds more delay to judicial proceedings that Plaintiff has been filing since 2016. Lastly, while this Court does not find the Plaintiff to be acting in bad faith, the reasons proffered by the Plaintiff for the delay are insufficient to warrant such relief.[29]

In an affidavit, Plaintiff articulates two reasons why the Court should find there to be "excusable neglect." First, Plaintiff states that a court clerk informed her that there is "no deadline" to file an amended complaint.[30] While this Court is sensitive to the fact that Plaintiff is proceeding *pro se*, the Court's Order stated unambiguously in bold that the deadline for the Amended Complaint was March 18, 2022.[31] In *Pioneer Investment Services,* the Supreme Court found there to be "excusable neglect" when creditors of a Chapter 11 debtor sought an extension of a bar date for filing proofs of claims late.[32] The Court noted that the "'peculiar and inconspicuous placement of the [deadline]' without any indication of the significance of the [deadline], left a 'dramatic ambiguity' in the notification."[33] In stark contrast, the deadline for Plaintiff's amended complaint was listed in bold on a single-page Order. The Court's Order stated: "If Plaintiff wishes to proceed with any claims alleging an unconstitutional conspiracy,

---

[28] *Teri Woods Publ'g., L.L.C. v. Williams*, No. 11-06341, 2012 WL 2500306, at *2 (E.D. Pa. June 29, 2012).

[29] The Third Circuit has stated that a party acts in good faith where it acts with "reasonable haste to investigate the problem and to take available steps toward a remedy." *See Welsh & Forbes, Inc. v. Cendant Corp. (In re Cendant Corp. PRIDES Litig.)*, 235 F.3d 176, 184 (3d Cir. 2000).

[30] Pl.'s Mot. Recons., Pl.'s Aff. ¶ 5 [Doc. No. 9].

[31] Order [Doc. No. 6].

[32] 507 U.S. 380 (1993).

[33] *Id.* at 398.

Plaintiff may file an amended complaint by or before **March 18, 2022** if she can correct the deficiencies noted in the accompanying Memorandum Opinion."[34] Regardless of what Plaintiff may have been told by a court clerk, the Court's Order unambiguously gave Plaintiff notice of the deadline.

Second, Plaintiff asserts that she was "physically ill and under tremendous emotional stress due to this legal dispute."[35] This does not constitute excusable neglect because Plaintiff failed to explain the nature of the illness or how the illness contributed to a difficulty in filing a timely amended complaint, simply stating that she was "only able to file the amended complaint by May 26, 2022, once [she] felt recovered."[36] Plaintiff's claims are insufficient to constitute excusable neglect.[37]

### B. Amended Complaint Deficiencies

Even if the Court found there to be excusable neglect, Plaintiff's amended complaint fails on the merits. The underlying deficiencies of the original complaint have not been cured. The Court dismissed without prejudice the portion of Plaintiff's original complaint that alleged an unconstitutional conspiracy between Defendant and state actors.[38] As there is no diversity jurisdiction between Plaintiff and Defendant, this Court would only have "federal question" jurisdiction if Plaintiff alleged a claim against Defendant under 42 U.S.C. § 1983 for corruptly

---

[34] Order [Doc. No. 6].

[35] Pl.'s Mot. Recons., Pl.'s Aff. ¶ 6 [Doc. No. 9].

[36] *Id.*

[37] *See Soly v. Warlick*, No. 1991-0212, 2015 WL 5735651, at * 9 (D. V.I. Sept. 30, 2015) (denying a motion under Rule 60 even though Defendant provided a timeline of his counsel's illness from February 5, 2014 through April 21, 2014, during which she underwent surgery three times).

[38] Mem. Opinion [Doc. No. 5] at 5; *see also* Complaint [Doc. No. 1] at 5.

conspiring with judicial officials to secure a judgment in state court.[39] To plead an unconstitutional conspiracy, there must be "enough factual matter (taken as true) to suggest that an agreement was made," in other words, "plausible grounds to infer an agreement."[40]

Plaintiff's original complaint only listed conclusory statements without any specific facts that the Court could discern.[41] In the initial complaint, "Plaintiff [did] not define the nature, scope, or duration of the alleged conspiracy. Nor [did] Plaintiff identify any of the alleged co-conspirators or any overt acts taken in furtherance of the claimed conspiracy."[42]

Plaintiff's amended complaint fails to fill these essential gaps. Plaintiff's allegations are vague, and where they are specific, they are merely explaining Court proceedings that did not go in her favor as opposed to stating a cognizable claim. Bare assertions of fraud by a party that lost in state court are insufficient to state a cognizable claim of unconstitutional conspiracy. Plaintiff alleges that there was a "conspiracy between Defendant and state actors,"[43] that the state courts

---

[39] *Dennis v. Sparks*, 449 U.S. 24, 29 (1980) ("Private parties who corruptly conspire with a judge in connection with [official judicial] conduct . . . act[] under color of state law within the meaning of [42 U.S.C.] § 1983.").

[40] *Great Western Mining & Mineral Co. v. Fox Rothschild LLP,* 615 F.3d 159, 178 (3d. Cir 2010) (quotations omitted).

[41] Plaintiff's original allegations against state actors were:

> Plaintiff appealed multiple times herself throughout the state courts to seek justice against the Defendant's maleficence, but the state courts have ignored Plaintiff and supported Defendant because of [Defendant's] relationship with the legal persons involved in the case. Her invulnerability most recently led to a denial order from the PA Supreme Court, which is why the Plaintiff has asked for the federal courts' review and investigation of the case as a matter of corruption.
>
> Defendant refused to obey court orders and consistently engaged in fraudulence, yet the State courts have not taken action against the Defendant due to the involvement of various legal persons that facilitated the Defendant's wrongdoings. [Defendant] depended on her team of people at the top of the state's legal system to let her walk away without any repercussions for her illegal actions.

Compl. [Doc. No. 1] at 4–5 (emphasis added).

[42] Mem. Opinion [Doc. No. 5] at 6.

[43] Am. Compl. [Doc. No. 7] at 1.

9

did not take action against the Defendant "due to the involvement of various legal persons that facilitated the Defendant's wrongdoings"[44] and that Defendant relied on "her team of people at the top of the state's legal system" to let her walk away without repercussions.[45] These vague allegations are insufficient to state a cognizable claim.

Where Plaintiff is more specific, her arguments also fail. A suit brought under § 1983 requires the defendant to have violated Plaintiff's federal rights while acting under color of state law.[46] "Although it is possible for a private party to violate an individual's § 1983 rights, the individual alleging such a violation is not relieved of the obligation to establish that the private party acted under color of state law."[47] The Court must determine whether there is a sufficiently close nexus between the state and the private party's action so that the action can be "fairly treated as that of the State itself."[48] The Third Circuit has articulated three broad tests to determine whether state action exists: "(1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity."[49] "Action taken by private entities with the mere approval or acquiescence of the State is not state action."[50]

---

[44] *Id.* at 4.

[45] *Id.*

[46] *Groman v. Twp. of Manalapan,* 47 F.3d 628, 638 (3d Cir.1995).

[47] *Kost v. Kozakiewicz,* 1 F.3d 176, 184 (3d Cir.1993).

[48] *Id.* (quoting *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 351 (1974)).

[49] *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

[50] *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999).

First, Plaintiff argues that her sister is in a conspiracy with various legal persons and the state courts. However, "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co–conspirator or a joint actor with the judge."[51] Plaintiff has failed to allege any clear conspiracy that Defendant was a part of or detail how Defendant's alleged personal relationship with any state actors constituted a conspiracy.

Second, Plaintiff argues that "everyone showed antagonism against Plaintiff" during a 2017 hearing where her attorney entered a Consent Decree, to which Plaintiff contends she did not consent. Plaintiff states that her attorney did this to support Defendant. However, private attorneys "performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."[52] Plaintiff did not allege any fact that would demonstrate that her attorney and Defendant knew each other or made a conspiratorial agreement.

Finally, Plaintiff argues that a non-party in this case, David Fineman, was inappropriately appointed as the Receiver for the Beauty School because he "was friends with Kathleen's family-in-laws."[53] Plaintiff claims that Mr. Fineman failed to give her evidence that she requested, but instead gave her a spreadsheet and copies of monthly bills, in which "he made fake charges to put on the fake escrow account to charge only [Plaintiff] inappropriately." Such a claim does not demonstrate an unconstitutional conspiracy, as there are insufficient facts to suggest that any

---

[51] *Dennis*, 449 U.S. at 28.

[52] *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999); *see also Shermot v. Bucci*, 2020 WL 3542377 (E.D. Pa. June 30, 2020).

[53] Am. Compl. [Doc. No. 7] at 5.

form of conspiratorial agreement was made with the state.[54] Therefore, Plaintiff's amended complaint fails to allege a cognizable claim.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Reconsideration will be denied. An order will be entered.

---

[54] *Great W. Mining & Min. Co.*, 615 F.3d at 178 ("[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred.").